# IN THE COURT OF APPEALS OF IOWA

No. 17-1601
Filed July 18, 2018

**JAMES REHM,**
        Plaintiff-Appellant,

**vs.**

**ARCTIC GLACIER WEST POINT, INC.,**
        Defendant-Appellee.

_____

Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling, Judge.

A plaintiff appeals the district court's grant of summary judgment to his employer on his disability discrimination claims under the Iowa Civil Rights Act. **AFFIRMED.**

Erin Patrick Lyons of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellant.

Mark W. Thomas and Aaron W. Lindebak of Grefe & Sidney, P.L.C., Des Moines, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

James Rehm appeals the district court's grant of summary judgment to Arctic Glacier West Point, Inc. (Arctic Glacier) on his disability discrimination claims under the Iowa Civil Rights Act (ICRA). We find the district court did not err in finding Rehm did not present a genuine issue of material fact on the question of whether he was disabled within the meaning of the ICRA. We affirm the district court's decision granting the employer's motion for summary judgment.

### I.     Background Facts & Proceedings

Rehm was employed at Arctic Glacier, a company that produces bags of ice. Rehm broke his wrist on March 27, 2015. After about six weeks, he returned to work without restrictions but found it difficult to complete some of his work duties due to pain in his wrist. These job duties included lifting twenty pound bags of ice and using a sledgehammer to break up ice. On August 20, 2015, Rehm was restricted to working forty hours per week. Rehm continued to experience pain when performing some job duties and spoke to his supervisor. The employer warned Rehm it believed he had engaged in insubordination because he had not performed all of his work duties and stated he needed written documentation of any restrictions. On November 13, 2015, he was restricted to lifting no more than ten pounds. Rehm was terminated from his employment on November 30, 2015. Rehm has since recovered from his broken wrist.

Rehm instituted an action with the Iowa Civil Rights Commission, alleging disability discrimination. He received an administrative release and filed an action against Arctic Glacier on July 28, 2016. The employer filed a motion for summary

judgment, claiming a broken wrist did not constitute a disability under the terms of the ICRA, Iowa Code chapter 216 (2016).

The district court granted the employer's motion for summary judgment, finding Rehm had not shown he was disabled for purposes of the ICRA. The court found there was no genuine issue of material fact on the issue of whether Rehm's broken wrist substantially limited a major life activity. The court noted the injury was temporary and Rehm was not disqualified from a broad range of jobs due to the impairment. Rehm appeals the district court's decision.

## II. Standard of Review

"We review district court summary judgment rulings for corrections of errors at law." *McQuistion v. City of Clinton*, 872 N.W.2d 817, 822 (Iowa 2015). "Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* We view the record in the light most favorable to the nonmoving party. *Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 545 (Iowa 2018). "Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions." *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014).

## III. Disability

In order to establish a claim of disability discrimination, Rehm must show (1) he has a disability; (2) he is qualified to perform the essential functions of his position; and (3) the circumstances of his termination raise an inference of discrimination. *See id.* The district court granted summary judgment to Arctic Glacier based on the first element, finding Rehm's broken wrist did not constitute

a disability under the ICRA. Rehm claims he was disabled because he was substantially limited in one or more major life activities. In particular, he states he was limited from lifting more than ten pounds.

The term "disability" is defined in Iowa Code section 216.2(5) as "the physical or mental condition of a person which constitutes a substantial disability." The term "substantially handicapped person" is defined in Iowa Administrative Code rule 161-8.26(1) as "any person who has a physical or mental impairment which substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment." A person is considered to be substantially limited if the person is

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

*Bearshield v. John Morrell & Co.*, 570 N.W.2d 915, 919 (Iowa 1997) (quoting 29 C.F.R. § 1630.2(j)(1)). The term "major life activities" is defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Iowa Admin. Code r. 161-8.26(3).

In determining whether a person has been substantially limited in a major life activity, we consider (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact, or the expected permanent or long-term impact, of the impairment. *Vincent v. Four M Paper Corp.*, 589 N.W.2d 55, 61 (Iowa 1999). A person's

condition may substantially limit a major life activity and be intermittent or episodic, rather than permanent. *Goodpaster*, 849 N.W.2d at 12.

"A person is substantially limited in his or her ability to work when the person is 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" *Bearshield*, 570 N.W.2d at 920 (quoting 29 C.F.R. § 1630.2(j)(3)(i)). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* "An impairment that interferes with an individual's ability to do a particular job but does not significantly decrease that individual's ability to obtain satisfactory employment otherwise is not substantially limiting within our statute." *Probasco v. Iowa Civil Rights Comm'n*, 420 N.W.2d 432, 436 (Iowa 1988).

The district court found Rehm "did not raise a jury issue on the question whether he is disqualified from a broad range of jobs or from employment in other jobs where lifting is not a job requirement." The evidence Rehm was unable to perform his particular job at Arctic Glacier does not show he was substantially limited in a major life activity. *See Bearshield*, 570 N.W.2d at 920. Rehm did not show he was unable to perform different jobs that would not require him to lift heavy bags of ice or use a sledgehammer.

We find the district court did not err in finding Rehm did not present a genuine issue of material fact on the question of whether he was disabled within the meaning of chapter 216. We affirm the district court's decision granting the employer's motion for summary judgment.

**AFFIRMED.**